IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-00044-01-CR-W-GAF |
| | ) | |
| JOHN T.SPURLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Now pending before the Court is Defendant's Motion to Dismiss the Indictment charging him with attempted enticement of a child to engage in prohibited sexual conduct, attempted transfer of obscene material to a minor, and interstate travel to attempt to engage in a sexual act with a minor on the ground that it is legally impossible for a conviction to be entered against him since there was no minor involved.

United States Magistrate Judge Robert E. Larsen entered his Report and Recommendation on August 25, 2005. On September 7, 2005, defendant filed his Objections to the Report and Recommendation, and on September 9, 2005, defendant filed his Supplemental Objection to the Report and Recommendation.

As reflected in Judge Larsen's Report and Recommendation, in order to be convicted of attempt to commit a crime, the government need only prove (1) that the defendant had the specific intent to engage in the conduct for which he is charged, and (2) that he took a substantial step toward commission of the offense. *United States v. Burks*, 135 F.3d 582, 584 (8th Cir. 1998), citing *United States v. Buchanan*, 985 F.2d 1372, 1376 (8th Cir. 1993), *cert. denied*, 512 U.S. 1228 (1994).

The specific fact scenario presented here where the defendant believed he was enticing or persuading a minor to engage in sex has not been addressed by the Eighth Circuit. However, as discussed in Judge Larsen's Report and Recommendation, in the Federal Circuits that have addressed this question, the elements of attempt to commit a crime have been applied as in other crimes of attempt.

Although Congressional intent was successfully argued in this district in *United States of America v. Jan Helder, Jr.,* Case No. 05-00125-01-CR-W-DW, the Congressional Record was further developed before Judge Larsen. The Congressional Record presented to Judge Larsen reflects that Congress intended to criminalize attempt to persuade or entice a minor to engage in sex even when an undercover officer is posing as a "minor."

Furthermore, as discussed by Judge Larsen, although there may have been factual impediments to commission of the intended acts by virtue of the fact that there was actually no minor involved, the intended acts were not legally impossible. Legal impossibility does not exist and factual impossibility is not a basis for dismissing an indictment.

Upon careful and independent review of the pending motion, defendant's objections to the Magistrate's Report and Recommendation, as well as the applicable law, this Court hereby adopts and incorporates as its own Opinion and Order the Report and Recommendation of United States Magistrate Judge Robert E. Larsen.

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss is OVERRULED and DENIED.

SO ORDERED.

/s/ Gary A. Fenner

GARY A. FENNER, JUDGE
United States District Court

DATED: September 9, 2005